IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOYCE SUMNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-0255-W-RED-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Joyce Sumner ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 410 *et seq.*, as amended.. Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands

2

of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff alleges three points of error by the ALJ. One, Plaintiff alleges that the ALJ erred in improperly discounting Plaintiff's credibility. Two, Plaintiff alleges the ALJ derived an improper RFC. Three, the ALJ erred by determining that Plaintiff could perform "other work."

In determining Plaintiff's credibility, the ALJ considered many inconsistencies between Plaintiff's testimony and the record. Among them, the ALJ noted that the most significant treatment Plaintiff had received for pain was epidural injections, otherwise she was recommended to reduce her weight, exercise, continue pain medications and physical therapy. Plaintiff testified that the injections did not help to reduce her pain. Yet, medical records note that Dr. Smith felt the injections "seemed to help" and that Plaintiff reported 20 to 30 percent improvement due to the injections. Plaintiff also refused further pain medication. Plaintiff testified that her pain required her to lie down for four hours during the day. However, there is no medical evidence supporting this requirement. No physician has recommended this treatment, nor is it apparent that Plaintiff

3

articulated this need to any physician. The lack of medical evidence supporting Plaintiff's claim that she is required to lie down indicates that she is lying down due to choice rather than medical necessity. *Brunston v. Shalala*, 945 F. Supp. 198, 202 (W.D. Mo. 1996). As the ALJ articulated the inconsistencies upon which she relied upon in discrediting the Plaintiff's substantial complaints and these credibility findings were supported by substantial evidence, the ALJ properly determined the Plaintiff's credibility.

Plaintiff also argues that the ALJ improperly determined Plaintiff's RFC by not considering Plaintiff's subjective complaints of pain. First, the Court notes that the ALJ's RFC was that Plaintiff had the capacity for light work, but could not lift more than 20 pounds occasionally or perform repetitive bending. This RFC mirrors the functional assessments made by Plaintiff's treating physician, Dr. Smith. Moreover, as stated above, the ALJ properly discounted Plaintiff's subjective complaints of pain. Therefore, the RFC included all of Plaintiff's credible limitations and is supported by the evidence as a whole.

Lastly, Plaintiff argues that the ALJ improperly found that Plaintiff could perform "other work." Plaintiff alleges that the hypothetical posed to the VE did not include all of Plaintiff's impairments. One impairment that Plaintiff alleges should have been included was her testimony that she had to lie down for up to four hours a day. However, as stated above, this testimony by Plaintiff was not supported by the record and was properly discounted.

Plaintiff also claims that the hypothetical should have included limitations noted by Dr. Smith's letter dated November 28, 2002 which states that Plaintiff could only sit for 30 minutes before having to move around and that Plaintiff was unable to stand for more than 5 to 10 minutes. This letter from Dr. Smith appears to be based upon Plaintiff's own complaints, not any medical

4

observation, test, or observation by her treating physician. However, even if these limitations should not have been discounted, the error (if any) is harmless and not reversible. The ALJ also posed a hypothetical to the VE which included these limitations on sitting and standing. The VE testified that an individual with such limitations could perform "other work" existing in substantial numbers in the economy.

## IV.  CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is due to be **AFFIRMED**.

**IT IS SO ORDERED.**

DATE:	May 31, 2006	  */s/ Richard E. Dorr*
	RICHARD E. DORR, JUDGE
	UNITED STATES DISTRICT COURT

5